## Case No. 7,629.

### In re KEACH.

[1 Lowell, 335;[1] 3 N. B. R. 13 (Quarto, 3); 2 Am. Law T. 123; 1 Am. Law T. Rep. Bankr. 167.]

District Court, D. Massachusetts. June, 1869.

BANKRUPTCY—BOOKS OF ACCOUNT OF CASH BUSINESS—DISCHARGE.

1. Where one had carried on a small trade wholly for cash, and had discontinued it for some months before his bankruptcy, and there was nothing in the way of debts, assets, or capital outstanding; *held*, his failure to keep proper books of that trade would not prevent his discharge.

[Cited in Re Brockway, Case No. 1,917. Followed in Re Friedberg, Id. 5,116.]

2. The fact that there was nothing connected with his old trade remaining of interest to his creditors in bankruptcy can be proved by other evidence than that of the books themselves.

[In the matter of William Keach, a bankrupt.]

L. Mason, for opposing creditor.

J. B. Goodrich, for bankrupt, cited In re Rosenfield [Case No. 12,058]; Re O'Bannon [Id. 10,394]; Re Solomon [Id. 13,167]; Re Newman [Id. 10,175]; Re Gay [Id. 5,279]; Re White [Id. 17,532]; Re Littlefield [Id. 8,-398]; Re Hammond [Id. 5,279]; Re Belis [Id. 1,275]; Re Bound [Id. 1,697]; Re Garrison [Id. 5,254]; Re Schumpert [Id. 12,491].

LOWELL, District Judge. [The charges of fraud against this bankrupt have been fully examined, and it is frankly admitted by the opposing creditor that the evidence would not warrant me to find him guilty of any of them, and with this conclusion I entirely agree.][2]

The only question remaining for judgment is whether the bankrupt has failed to keep proper books of account within the meaning of the act [of 1867 (14 Stat. 517)]. It seems that during the winter of 1867–8, he carried on for a few months a cash business at the town of his residence in buying wood by the car-load, and sawing and splitting it for sale to his neighbors for firewood. He says he had no occasion for any books, and kept none. He gave up the business some considerable time before he applied for the benefit of the act, and it is stated, and not denied, that there was nothing left outstanding, either in the way of assets or of debts or credits, that could affect the proceedings here. While I cannot doubt that the bankrupt was a tradesman so long as he carried on this business, yet I am of opinion that the strict and somewhat harsh rule of the bankrupt law concerning the keeping of books ought not to be extended to his case. The purpose of the act is to give to the assignee and the creditors full and authentic information of the state of the bankrupt's business; and it being presumed by congress that merchants and tradesmen ought to be able to keep books of account, it requires them to do so if they would avail of the full advantages of this law. But if the business has been wholly closed, so that no rights or interests can be subject to examination or decision in the bankrupt court, and neither debtors nor creditors remain, and the business was one which neither required nor received the use of any capital, so that there is nothing in it which can concern the assignee, or which the books could show him to his advantage, it seems to me that such past trading is not within the equity of the statute. And it is, perhaps, not within its letter, because it may well enough be said that he is not now a merchant or tradesman. It may be contended that the books themselves are the only proper evidence that the business is thus wholly closed and past. There would be great force in this suggestion as applied to any facts which could be shown to be of interest to the assignee; but the mere fact that there is nothing in the books which concerns him, and would have been nothing, however well they might have been kept, may be proved aliunde. The schedules and proofs of debts, and all the proceedings the case, tend to show that fact, and may be admitted for that purpose.

That the trading has ceased or been suspended is not material; but when nothing of it remains to be disposed of, it is hardly right to consider the bankrupt to be a merchant or tradesman within the statute any more than if he never had been such. His trading, and his neglect to keep books, are alike immaterial to his present creditors and their representative, the assignee.

I have been obliged, by my view of my duty, to refuse a discharge to some merchants and tradesmen, who seemed to me not to have complied with the law. I have done so reluctantly, where no intentional fraud was shown; [and I am happy to learn that measures have been taken to review these decisions. I shall be glad if the circuit court can construe the law more liberally for honest traders than I have been able to do, or if a different state of facts can be shown in any case;][2] and I am not sorry to be able to say, that I do not find this bankrupt to be a merchant or tradesman within the fair construction of the act of congress. Discharge granted.

KEALLY (HAYMAN v.). See Case No. 6,-265.

---

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

[2] [From 3 N. B. R. 13 (Quarto, 3).]

[2] [From 3 N. B. R. 13 (Quarto, 3).]